**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MELISSA and DAVID HAHN, Individually and as Next Friend of D.H., a Minor,<br>       Plaintiffs,<br><br>v.<br><br>GARDNER COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 72 and the ILLINOIS STATE BOARD OF EDUCATION.<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT FOR ADMINISTRATIVE REVIEW**

NOW COME Melissa and David Hahn, Individually and as Next Friends of D.H., a minor (hereinafter "D.H."), by and through their attorney, Pamela R. Cleary, and pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(j), state as follows:

### **INTRODUCTION**

This action is being presented after an administrative ruling was rendered by Impartial Hearing Officer Alan Shuster on September 6, 2019 following a three (3) day due process hearing pursuant to the IDEA, 20 U.S.C. §1401 *et seq.,* a copy of the Decision and Order is attached hereto as Exhibit A.

### **PARTIES**

1. Plaintiffs Dave and Melissa Hahn are the parents of a child, D.H., who is now four (4) years old, and they reside in the area served by Gardner Community Consolidated School District No. 72 ("Gardner School").

2. Defendant, Gardner School, upon information and belief, serves the residents of Gardner, Illinois and is a body politic and corporation organized pursuant to the Illinois School Code.

3. Defendant, Illinois State Bord of Education ("ISBE") is the state educational agency authorized and required to establish a procedure for resolving disputes between students, their parents and local school districts under IDEA, and are also responsible for monitoring compliance of administrative decisions pursuant to State and Federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 20 U.S.C. §1415(i)(2) and 105 ILCS 5/14-8.02a(i).

5. Venue is properly situated because the acts herein complained occurred, the Plaintiffs reside, and Defendant are all located within the boundaries of the Northern District of Illinois, Eastern Division.

## PROCEDURE AND STANDARD OF REVIEW

6. This case is being presented as an appeal from an administrative decision under the framework of the IDEA which states:

> "In any action brought under this paragraph, the court—
> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."

20 U.S.C. §1415(i)(2).

7. Plaintiffs request that the Court allow them to present additional evidence and time for discovery since they cannot seek discovery procedures prior to trial according to the Illinois Compiled Statutes.

8. Matters such as the ones presented herein are best presented via written Motions for Summary Judgment by each party at the conclusion of the discovery process.

## OVERVIEW OF APPLICABLE LEGAL STANDARDS

9. Under IDEA, formerly the Education of all Handicapped Children Act, all children with disabilities are entitled to a Free Appropriate Public Education ("FAPE"). 20 U.S.C. §1414(d).

10. The document that determines each child's FAPE is an Individualized Education Plan ("IEP").

11. An IEP is a comprehensive written plan formulated by a team of individuals which includes the child's parents and sets out the full range of services, including transportation, along with educational goals, supplemental aids and services, that a state of local educational agency has agreed to provide the child.

12. If a parent disagrees or objects to a new IEP, a parent can file a complaint for due process "with respect to any matter relating to the identification, evaluation or educational placement of the child, or the provision of a free appropriate public education to such child. 20 U.S.C. §1415(6)(A).

13. This complaint for due process proceeds to hearing unless settled between the parents and the local school agency, with an Impartial Hearing Officer rendering a decision after the hearing.

14. If the parent disagrees with the findings of the Impartial Hearing Officer after a full hearing, they are entitled to file their appeal as an original action in District Court. 20 U.S.C. §1415(i)(2).

## GROUNDS

15. Plaintiffs allege that the IHO failed to follow the letter of the law with regard to his Findings of Fact and that the evidence fails to support his Conclusions of Law regarding the findings of Parents' complaints that the Gardner School failed to follow the law when they failed to provide appropriate transportation of the child to and from school pursuant to the IDEA.

16. Plaintiffs also allege that certain information has been recently discovered that could not have been presented to the IHO in the underlying action that could have, if presented, had an important impact in his Findings of Fact and Conclusions of Law.

17. Plaintiffs request leave of Court to allow them the benefit of certain discovery procedures including Interrogatories to Defendants, Requests for Production of Documents and depositions, and to present to this Court that additional evidence.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Receive and review the record of the administrative proceedings from the Illinois State Board of Education;

B. Allow Plaintiffs to conduct certain limited discovery;

C. Supplement the record with additional evidence submitted by Plaintiffs;

D. Find in favor of Plaintiffs on their appeal of the decision rendered by the Impartial Hearing Officer relative to the bus transportation;

E. Award Plaintiffs all costs and fees associated with this matter; and

F. for such other relief that this Court deems just.

Respectfully submitted,

*Pamela R. Cleary*

Dated: January 5, 2020  
_____  
Pamela R. Cleary  
Attorney for Parents

Pamela R. Cleary, Esq.  
Cleary / Fowler Law Office LLC  
9105 Indianapolis Blvd.  
Highland, IN 46322  
(219) 369-4900  
(219) 654-2226 Fax  
ILARDC 6311526  
IN 22929-53